FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK
AUG 2 0 2019
TIME 2:40 PM
Amanda VanOrsdol, COURT CLERK

**IN THE DISTRICT COURT OF CREEK COUNTY**
**STATE OF OKLAHOMA**

1) RICK ANDERSON, )
  )
  Plaintiff, )
  ) Case No.: CJ 2019- 257
vs. )
  )
1) CITY OF SAPULPA, ) **LAWRENCE PARISH**
  )
  ) Attorney Lien Claimed
  )
  Defendant. )

### PETITION

COMES NOW, the Plaintiff, Rick Anderson, by and through counsel, and brings this action against the Defendant for violations of his constitutionally protected rights arising out of his employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (hereinafter "ADEA").

2. The Plaintiff is a resident of Oklahoma and resides in Creek County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

3. The Defendant, City of Sapulpa ("Defendant") is a municipality incorporated as a city under the laws of the State of Oklahoma and is located in Creek County in the State of Oklahoma, employing more than fifteen (15) employees.

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.



EXHIBIT 1

1

5. The Plaintiff exhausted his administrative remedies with the Equal Employment Opportunity Commission, received a Notice of Right to Sue, and has filed this Petition within ninety-days from receipt of said Notice.

6. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff incorporates as if realleged Paragraphs 1-6.

8. Plaintiff was employed with the City of Sapulpa as a Code Enforcer.

9. During his long tenure with the City of Sapulpa, Plaintiff was a strong performer and had no disciplinary record whatsoever. However, after a new assistant City Manager, Rick Rumsey, was appointed, the Plaintiff began experiencing discrimination based upon his age, which resulted in discipline and ultimately led to Plaintiff's termination from employment.

10. Mr. Rumsey routinely called the Plaintiff, "old man" and commented on his gray hair and his age. Mr. Rumsey also regularly singled the Plaintiff out, scrutinized his work, and made inappropriate and rude comments to the plaintiff in front of his coworkers and superiors. These comments included but were not limited to accusations that the Plaintiff was, "sitting on his butt all day"; telling the Plaintiff "I'm your daddy now"; making jokes that the plaintiff "needed to take ex-lax because you are so full of shit."

11. The verbal abuse Plaintiff dealt with from Mr. Rumsey deteriorated his emotional well-being and his work morale.

12. Mr. Rumsey issued Plaintiff second disciplinary warning on January 23, 2018. It untruthfully alleged that Plaintiff was previously disciplined on January 10, 2018, which Plaintiff disputes. In the disciplinary action, Plaintiff was accused of failing to file liens on three properties

from eight months prior to the disciplinary action. These accusations were inaccurate and unwarranted as demonstrated by the eight-month delay in issuance.

13. The Plaintiff made a formal complaint of age discrimination and abuse of authority against Rick Rumsey on February 27, 2018.

14. Within ten days from Plaintiff's official complaint of age discrimination, the City terminated his employment on March 9, 2018. There were no new reasons offered for the adverse employment actions. In fact, the only thing that changed was Plaintiff's written complaint about age discrimination.

15. Plaintiff was sixty-five (65) years old at the time of his termination from employment with Defendant. Plaintiff was replaced with a substantially younger employee.

16. Plaintiff believes that the discriminatory treatment he suffered and his ultimate termination from employment were due to discrimination and retaliation based on his age.

## FIRST CLAIM FOR RELIEF

### Discrimination and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621 *et seq.*)

17. Plaintiff incorporates as if realleged Paragraphs 1-16.

18. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq*.

19. Plaintiff experienced discrimination by way of discriminatory comments and discipline and termination of employment in violation of the ADEA.

20. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused the Plaintiff to suffer humiliation, embarrassment, and emotional distress.

21. Defendant committed the act alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

22. Upon information and belief, Plaintiff's termination was motivated in substantial part by his age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Liquidated damages for his mental anguish, pain and suffering, and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;

d. Plaintiff's attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621 *et seq.*)

23. Plaintiff incorporates as if realleged Paragraphs 1-22.

24. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq.*

25. Plaintiff engaged in protected opposition to discrimination when he complained about the discriminatory comments and discipline based on his age. Defendant terminated his employment just ten days later in direct response to his formal complaint, retaliating against him for engaging in protected activity.

26. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused the Plaintiff to suffer humiliation, embarrassment, and emotional distress.

27. Defendant committed the act alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

f.   Back pay and lost benefits; front pay until normal retirement;

g.   Liquidated damages for his mental anguish, pain and suffering, and other non-pecuniary losses;

h.   Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;

i.   Plaintiff's attorney fees and the costs and expenses of this action;

j.   Such other relief as the Court deems just and equitable.

**WHEREFORE**, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN & ROYTMAN**

Daniel E. Smolen, OBA# 19943
Lauren G. Lambright, OBA# 22300
701 S. Cincinnati Ave.
Tulsa, OK 741119
(918) 585-2667
(918) 585-2669 Fax
danielsmolen@ssrok.com
laurenlambright@ssrok.com
*Attorneys for Plaintiff*